## BARTH v. PAUL et al.

### (Supreme Court, Appellate Term. June 1, 1906.)

PARTNERSHIP—ACTION AGAINST PARTNER—EVIDENCE.

    In an action against defendants as partners for goods sold and delivered to the firm on the order of one of the alleged partners, it was error not to permit plaintiff to introduce letters from such defendant and from the firm, received in the ordinary course of business, for the purpose of showing that such defendant was connected in business with the firm, and had charge of its financial transactions.

    [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, §§ 67, 72.]

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by Louis Barth against Gustave J. Paul and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Louis Boehm, for appellant.

Jacob Levy, for respondent.

CLINCH, J. Plaintiff sued to recover a balance due for goods sold and delivered to defendants, Gustave J. Paul and Frank M. Paul, doing business as copartners under the name of Paul Bros. The answer admits the copartnership, and denies the other allegations of the complaint. Plaintiff proved that two lots of tobacco were ordered by Nathan A. Paul from him on March 19, and June 13, 1900. He testified that the goods were shipped to Paul Bros., and he exhibited a receipt for the shipment of June 13th, billed to Paul Bros. at their place of business, and signed by N. A. Paul. He was permitted to testify without exception that for eight or nine years prior to the transaction in question he had been doing business with Paul Bros., and that during that time Nathan A. Paul had done the buying; also, that he received the order of March 19th in Paul Bros. place of business from Nathan A. Paul. On cross-examination he also testified that he had had a conversation with one of the Paul brothers, in presence of both of them in respect to the shipment of June 13th, and that he never charged anything except to Paul Bros. He also testified, without objection or exception, that Nathan A. Paul had given him orders for goods in Paul Bros. place of busniess in the presence of Gustave J. and Frank M. Paul for which Paul Bros. had paid. Plaintiff then attempted to introduce certain letters from Nathan A. Paul and Paul Bros., received in the ordinary course of business, for the purpose of showing that Nathan A. Paul was connected in business with Paul Bros., had charge of their financial transactions, and of proving agency. These letters were excluded by the trial court, and defendants' motion to dismiss the complaint on the ground that the plaintiff had failed to prove agency and had failed to establish allegations of the complaint was granted.

The letters were clearly admissible, and should have been received, although it may be doubted whether they were really necessary to prove plaintiff's case, as it would seem from the evidence admitted that the agency of Nathan A. Paul had been sufficiently established to bind the defendants prima facie.

Judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.